## MICHAEL TUBBS *vs.* FRANCIS TUKEY & another.

The rule of law, that, in civil proceedings, when an officer justifies under mesne process, which is returnable, he must show that he has done all that it was his duty to do, and is a trespasser if he do not show that he has returned the process, is equally applicable to the case of a warrant in a criminal proceeding.

When an officer, under a warrant from the police court of the city of Boston, directing him upon sight thereof to take the body of the defendant and bring him before that court, to answer to a complaint there made against him, arrested the defendant on a Sunday, and committed him to the common jail, and there detained him until Monday morning: It was held, that if the officer had a legal right to keep the defendant in jail from the time of his commitment until the next morning, yet the officer could only be justified by the necessity of the case, and so long as the necessity existed, and was bound to take the defendant on Monday morning before the police court, or to show some legal reason for not so doing.

A warrant in a criminal case ought to contain a command to the officer to make a return of the same and of his doings; but if the warrant contain no such command, the omission will not excuse the officer for not making a return.

THIS was an action on the case, for an assault and false imprisonment.

The plaintiff, on the trial, which was before *Merrick,* J., in the court of common pleas, introduced evidence to show that he was arrested by the defendants at his lodgings in the North American House, in Boston, on Sunday, the 25th of October, 1846, and was immediately committed by them to

the common jail, and there detained until the following morning.

The defendants admitted the arrest, commitment and detention of the plaintiff, as above stated; and contended that they were justified therein, by virtue of a warrant issued from the police court against the plaintiff by the name of "Tubbs." The warrant being produced, and it appearing that neither of the defendants had made any return upon or of the same, but that it had been served by Jacob C. Tallant, a constable, the presiding judge ruled, that the defendants could not justify the arrest, &c., of the plaintiff thereby.

The defendants then introduced evidence to show, that on the 23d of October, 1846, the defendant Tukey, upon satisfactory evidence of the fact, made a complaint to the police court against the plaintiff, by the name of "Tubbs," for selling a quantity of spirits, in violation of law; that the warrant above mentioned was thereupon issued by that court, and delivered to the defendant Tukey; that the police court appoint four constables, to make service of the warrants issuing therefrom; that the practice of the court is, to deliver all the warrants issuing therefrom to those constables, alternately, to be served; that the warrant in question, according to the practice and usage of the court, belonged to Jacob C. Tallant, for service; and that Tallant, finding the plaintiff in jail on the morning of Monday, the 26th of October, 1846, carried him before the police court, and procured the warrant, and made the return which appears thereon.

The defendants also produced a paper signed by Tukey, and delivered by him to the keeper of the jail, at the time of the commitment of the plaintiff, which paper was as follows: —

"Commonwealth of Massachusetts, City of Boston, October 25th, 1846. To the keeper of the commonwealth's jail in Boston, in the county of Suffolk, Greeting. You are hereby required to receive into your custody, for safe keeping, the body of Michael Tubbs, in order that he may be had before the justices of the police court, for examination, on a warrant from the police court. FRANCIS TUKEY, City Marshal."

The presiding judge then ruled, further, that the defendants could not justify the arrest, imprisonment and detention of the plaintiff, under and by virtue of the warrant against him, by reason of these additional facts.

The jury having returned a verdict for the plaintiff, the defendants alleged exceptions to the rulings above mentioned.

*J. C. Park,* for the defendants.

*J. P. Healy,* for the plaintiff.

METCALF, J. The court are of opinion that the defendants have not made out a justification of the arrest and imprisonment of the plaintiff. The warrant commanded the officer, to whom it was directed, to take and bring before the police court the body of the plaintiff, to answer to the commonwealth, on a complaint against him, made on oath before that court, for selling liquor. And the officer's duty was, (even if it be admitted that he was not required to make a written return,) at least to do what was commanded by the warrant; namely, to carry the plaintiff before the police court. If he had any legal reason, as he might have had, for not doing what he was commanded to do, it was necessary to his justification that he should show such reason in evidence. If he had a legal right to keep the plaintiff in jail, during Sunday and Sunday night, yet he could be justified only by the necessity of the case, and so long only as that necessity existed. He was therefore bound to take the plaintiff, on Monday morning, before the police court, or show some legal reason for not so doing. He omitted to do this, and has shown no legal reason for such omission. He arrested and imprisoned the plaintiff, and there his doings ended.

It is an established rule of law, in civil suits, that when an officer justifies under mesne process, which is returnable, he must show that he has done all that it was his duty to do; and that he is a trespasser, if he do not show that he returned the process. Dalt. Sheriff, *c.* 38; *Middleton* v. *Price,* 1 Wils. 17; 5 Dane Ab. 556, 616; 5 Barn. & Cres. 488, 489. And though the plaintiff's counsel cited no decision.

and though we have found none, in which this doctrine has been applied to the case of a warrant in a criminal process, yet we are of opinion that the doctrine is applicable to such a case. The principle is essential to the safety of the citizen, and to prevent the processes of the law and the action of its officers from being employed for purposes of oppression.

It was suggested by the counsel for the defendants, that as the warrant, on which the plaintiff was arrested, contained no command to the officer to make a return thereof, the warrant was not a returnable process ; and therefore that the rule, which prevails in civil process which is returnable, should not be applied in the present case. And we find, on inspecting the warrant,. that it did not direct the officer to make a return. We also find the like omission in the forms of warrants set forth in Davis's Justice, and in several of the English books of forms. But Mr. Dane, speaking of the form of a warrant, says, that after the command to take and safely keep the person named therein, the officer is " charged to make return of his warrant and doings." 7 Dane Ab. 250. And such, in our opinion, ought to be the command of the warrant. The omission of this. command, however, does not excuse the officer for not making a return.

It is said in Burn's, Dickinson's, and Williams's Justice, when treating of the subject of arrest, that a constable is not obliged to return the warrant, but only to make return of what he has done on it. The same is found in other English books ; and the case of *Regina* v. *Wyatt,* 2 Ld Raym. 1196, is uniformly cited in support of the position. In that case, the defendant was indicted for refusing to return a warrant of distress, issued by two justices, against one Nash, upon his conviction, before them, of the offence of aiding and assisting in the killing of deer in a park. The indictment alleged that the warrant was delivered to the defendant, a constable, commanding him to levy a certain sum of the goods and chattels of Nash, for the aforesaid offence, and to make return of the warrant to said justices, or one of them ;

that the defendant levied the money of the goods of Nash, but illicitly, obstinately and contemptuously refused to make return of the warrant. The defendant was found guilty by the jury, and three arguments were had, on the record, before the court of king's bench. Holt, C. J., held the indictment to be bad; but the other judges gave judgment against the defendant. At the close of the case, it is said that at the former arguments, "the chief justice and Powell, J., held, that the constable was not obliged to return the warrant itself to the justice, but might keep that for his own justification, in case he should be questioned for what he had done; but only to give him an account what he had done upon it."

It is very clear, upon examining that case, that it is no authority for the position that a constable is not obliged to return a warrant issued for the arrest of a person on a criminal charge, and his doings on the warrant. Admitting that Holt, C. J., and Powell, J., were right in their first impressions, (which, however, the final judgment seems to negative,) yet the process in that case was a warrant of distress, in the nature of an execution in a civil suit. It was final process, and not returnable mesne process. And it is well settled, that when an officer is sued as a trespasser, for levying a *fieri facias,* he need not show a return thereof, in order to justify the levy. *Hoe's case,* 5 Co. 90; *Rowland* v. *Veale,* Cowp. 20; *Cheasley* v. *Barnes,* 10 East, 73; 2 Greenl. on Ev. § 597. *Exceptions overruled.*